OZIAS HERMANCE v. DENNIS CUNNINGHAM.

FILED DECEMBER 16, 1896.     No. 7000.

Practice: DEFAULT: AMENDMENT OF ANSWER: MOTION TO VACATE JUDGMENT FOR DEFENDANT. In a county where there were several judges of the district court, who presided over sessions of the court in separate rooms, a cause was, pursuant to the established rules of practice, set for trial before one of the judges, on a fixed date, and notice thereof given in the manner prescribed by the rules. On the day assigned for trial the plaintiff was not present nor were his attorneys. The defendant, in accordance with leave therefor obtained, amended his answer by interlineation and thereby introduced therein new matter of defense. A trial was immediately had and judgment rendered favorable to defendant, based on a finding of the truth of the new matter pleaded in the

amended answer. The plaintiff, a few days subsequent to the trial and during the same term of court, filed a motion to set aside the judgment, to be allowed to plead to the amended answer, and be given a trial of the issues. This motion was supported by affidavits and was overruled. *Held*, That the record and affidavits disclosed a state of facts sufficient to entitle the plaintiff to the relief asked; hence the motion should have been sustained.

ERROR from the district court of Douglas county. Tried below before SCOTT, J.

*Gregory, Day & Day*, for plaintiff in error.

*William E. Healey, contra.*

HARRISON, J.

It appears that an action on an account was instituted in the district court of Douglas county; that there was an answer on the part of defendant, consisting of a general denial of the allegations of the petition filed by plaintiff. There were several judges of the district court in Douglas county, each of whom held court in a separate room of the court house, or some of them in rooms provided in another building in Omaha. Of the rules of practice adopted by the judges and then in existence in the district court of Douglas county was the following: "At the close of business each day the clerk, under the directions of the judges, shall prepare a list of the civil cases subject to be tried on the next day in each branch of the court engaged in the trial of such cases, which list shall be posted for the information of the bar. The list will comprise such number of causes on the equity and jury dockets not beyond the assignment on the general docket as may be deemed expedient, and no others will be called for trial on that day." This cause was placed on the list of those to be tried in one of the court rooms on March 3, 1893. On the date fixed the cause was called for trial, and the plaintiff was not there and his attorneys did not appear. Counsel for defendant asked and were granted leave to amend the answer by interlineation, which was

done by inserting a statement, in effect, that the account in suit, declared by plaintiff, was barred by the statute of limitations. In regard to the further proceedings the journal entry is as follows: "This cause coming on to be heard on the petition and amended answer and the evidence, the court finds that the cause of action set forth in the petition was barred by the statute of limitations at the time said action was begun. It is therefore considered by the court that the defendant go hence without day, at the plaintiff's cost, taxed at $——." A few days subsequent to the entry of judgment, attorneys for plaintiff filed a motion, supported by affidavits, to set aside the judgment, and that they be allowed to plead to defendant's amended answer and be accorded a trial of the cause, which, on hearing, was overruled. The plaintiff asks a reversal of the action of the trial court in overruling the motion.

The affidavits filed in support of the motion disclosed that the action was commenced for plaintiff by a firm of attorneys, to one member of which was assigned the duty of examining the calendar of causes set for hearing in each court room for each day. That "through some oversight or inadvertence" he failed to notice that this case was on the calendar for trial on the 3d of March. It was also shown that such member of the firm and his brother, another member of the firm, had exclusive charge of this cause; had prepared for and expected to conduct its trial; further, that they were both actively engaged in the trial of another case in another court room during the entire day fixed for the hearing of this. It is true that the fact of the plaintiff not being represented at the trial was caused by the failure of his attorneys to notice that the case was set for trial in a particular court room on a designated day, but in view of the fact that on that day the defendant was allowed to amend his answer and raise a new issue, on which the finding was made which determined the case and served as a basis for the judgment adverse to the plaintiff,

coupled with the showing made in the affidavits filed with the motion, we think the motion, being promptly presented, should have been sustained and the plaintiff given an opportunity to plead to the amended answer and participate in a trial of the issues. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.